IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNION PROPERTIES LLC,<br>          Relator, | §<br>§<br>§ | |
| v. | § | Civil Action No. A-11-CA-42-LY |
|  | § | |
| JEWELL TRIGGERS, INC.,<br>BROWNELLS, INC., and<br>BEDROCK INDUSTRIES, INC.,<br>          Defendants. | §<br>§<br>§<br>§ | JURY TRIAL DEMANDED |

## STIPULATION OF DISMISSAL BETWEEN RELATOR UNION PROPERTIES LLC AND DEFENDANT JEWELL TRIGGERS, INC.

Relator, Union Properties LLC ("Union Properties" and/or "Relator") and Defendant, Jewell Triggers, Inc. ("Jewell" and/or "Defendant") file this Stipulation of Dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  Relator and Defendant (collectively the "Parties") stipulate as follows:

1.      This is an action for false patent marking under 35 U.S.C. § 292, which provides that any person may sue to recover the civil penalty for false patent marking.

2.      Relator brought this *qui tam* action on behalf of the United States of America ("United States") against Defendant on January 16, 2011.

3.      The Parties have settled their disputes in this litigation.

4.      The other defendants in this case, Brownells, Inc. and Bedrock Industries, Inc., are not parties to this Stipulation of Dismissal.

5.      The Parties agree that Relator has the authority to act on behalf of the United States and the general public pursuant to 35 U.S.C. § 292 for the purposes of this litigation.

6.      The Parties agree that Relator is in privity with the United States and the general public for the purposes of this litigation.

7.  The Parties agree that any and all claims that have been brought or could have been brought by Relator, on behalf of itself, the United States, and/or the general public, against Defendant regarding alleged false marking or advertising or causing or contributing to false marking or advertising under 35 U.S.C. § 292 of Defendant's products identified in Relator's Original Complaint are fully resolved and hereby dismissed with prejudice.

8.  The Parties agree that Defendant and those who have acted in concert with Defendant, including but not limited to Defendants' officers, members, managers, employees, assigns, successors, licensees, representatives, agents, and customers, who have sold or are selling and/or offering for sale Defendant's products identified in Relator's Original Complaint may sell and/or offer for sale their inventory of such products manufactured by or on behalf of Defendant on or before the date the Order of Dismissal of Defendant Jewell Triggers, Inc. is signed by the Court without further liability.

9.  The Parties agree that any future litigation against Defendant and those who have acted in concert with Defendant, including but not limited to Defendants' officers, members, managers, employees, assigns, successors, licensees, representatives, agents, and customers, under 35 U.S.C. § 292 or any other statute providing for an action on behalf of the United States and/or the general public relating to selling and/or offering for sale their inventory of Defendant's products identified in Relator's Original Complaint, which were manufactured by or on behalf of Defendant on or before the date the Order of Dismissal of Defendant Jewell Triggers, Inc. is signed by the Court, is barred.

10. The Parties agree that any and all claims that have been brought or could have been brought by Defendant against Relator are fully resolved and hereby dismissed with prejudice.  The Parties further agree that any future litigation brought against Relator and those acting in concert with Relator, including but not limited to Relator's officers, members,

managers, agents, employees, assigns, successors, attorneys, the United States, and/or the general public, from all claims or demands, known or unknown, fixed or contingent, contractual or extracontractual, liquidated or unliquidated, claimed or which could have formed the basis of a claim by Defendant and those who have acted in concert with Defendant, including but not limited to Defendant's officers, members, managers, employees, assigns, successors, licensees, representatives, agents, customers, and attorneys, now or in the future, arising from or related, directly or indirectly, to any act, event, transaction, or omission relating, either directly or indirectly, to this litigation accruing on or before the date the Order of Dismissal of Defendant Jewell Triggers, Inc. is signed by the Court is barred.

11. The Parties agree to bear their own attorneys' fees, legal expenses, and costs of court incurred in connection with this litigation.

12. The Parties agree that this Court retains jurisdiction over the Parties and the Settlement Agreement executed by the Parties for purposes of resolving any dispute that may arise thereunder.

Respectfully submitted,

 /s/ James N. Willi
James N. Willi
jwilli@willilawfirm.com
Texas Bar No. 00795719
Tracy J. Willi
twilli@willilawfirm.com
Texas Bar No. 00784633
Willi Law Firm, P.C.
9600 Escarpment Blvd.
Ste. 745, PMB 34
Austin, TX 78749-1983
Tel. (512) 288-3200
Fax (512) 288-3202

ATTORNEYS FOR RELATOR,
UNION PROPERTIES LLC


 /s/ Brian C. Jewell
Brian C. Jewell, President
Jewell Triggers, Inc.

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system on February 20, 2011, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service. Additionally, I certify that a copy of the foregoing was served on the following parties and/or counsel in accordance with the Federal Rules of Civil Procedure on February 20, 2011.

> Brian C. Jewell
> Jewell Triggers, Inc.
> 3620 N. State Highway 123
> San Marcos, TX 78666

  /s/ James N. Willi
James N. Willi